**15SL-AC26833**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | |
|---|---|
| GARY DETMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| CAPITAL MANAGEMENT SERVICES, L.P. ) | Division No. |
| ) | |
| Serve at: ) | |
| CSC - Lawyers Incorporating Service ) | JURY TRIAL DEMANDED |
| Company ) | |
| 221 Bolivar Street ) | |
| Jefferson, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

### Introduction and Jurisdiction

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

3. Venue is appropriate in this Court because Plaintiff resides in Saint Louis County, Missouri.

4. Plaintiff demands a trial by jury on all issues so triable.

### Parties

5. Plaintiff is a natural person currently residing in St. Louis County. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

6. Defendant Capital Management Services, L.P. is a foreign limited partnership with its principal place of business in Buffalo, New York. The principal business purpose of Defendant is

Electronically Filed - St Louis County - October 22, 2015 - 10:23 AM

the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect alleged debts owed.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

### Facts

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Plaintiff's alleged debt is comprised of deficiencies from an account with Jefferson Capital Systems regarding Comenity Bank.

10. On or around March 13, 2015, Defendant mailed Plaintiff a letter, stating that the alleged balance owing and due for this account was $2,777.89.

11. The letter further stated that the Defendant was offering Plaintiff a reduced settlement offer of $1,666.73, to be paid "no later than forty-five (45) days after receiving this notice."

12. On March 27, 2015, Plaintiff contacted Defendant via telephone to obtain more information about the account and to dispute the alleged debt.

13. During the call, Defendant admitted that this was the first time the parties had spoken and that the written communication sent by Plaintiff prior to this conversation was the first letter that Defendant sent to Plaintiff. Accordingly, Plaintiff's period in which to exercise his dispute and verification rights never began to run.

14. During the phone conversation, even though Plaintiff disputed the debt, Defendant attempted to collect the alleged debt and demanded payment. Such attempts made by Defendant ignored and overshadowed Plaintiff's rights to dispute, validate and verify the debt.

15. Defendant's conduct caused Plaintiff to believe that he could not exercise his Section 1692g rights.

16. In response to Plaintiff asking about more information on the account, Defendant stated that there was a balance of $2,237.45 on the account before the account went into collections.

17. Defendant claimed it is owed $2,777.89 from Plaintiff. Such amount includes fees and surcharges that Defendant is trying to collect that are not authorized by law or by any agreement.

18. Plaintiff asked Defendant, why is the current balance so much greater and specifically asked if it was due to penalties. Defendant responded by simply stating, "Yes."

19. Defendant then described the offer of forty percent (40%) reduction on the balance, stating that such an offer would "take care of the interest and fees" that would have accrued when the account was sent to collections.

20. Defendant stated that such an offer would expire at the end of April 2015.

21. Defendant continued to state that with every month that Plaintiff delays in paying off the alleged debt, Defendant's settlement offers will continue to increase by an additional five percent (5%) for each passing month. Defendant specified further and stated that Plaintiff will have an offer of sixty percent (60%) of the balance in April, sixty-five percent (65%) in May and seventy percent (70%) in June. Defendant stated that these numbers will not be able to change as that is what they are required to offer.

22. Such offers were false and misleading and was an attempt to coerce Plaintiff into making payment.

23. Plaintiff waited for over three-and-a-half months waiting to receive any verification of the alleged debt, but he never received anything further. Plaintiff decided to contact Defendant on July 14, 2015.

Electronically Filed - St Louis County - October 22, 2015 - 10:23 AM

24. During this call, Defendant admitted that the account had been in "dispute" status and stated that in order for Plaintiff to take care of the account, Plaintiff needed to submit a letter stating that he no longer wished to dispute the validity.

25. Plaintiff, still attempting to learn more information about his account, submitted the required letter and contacted Defendant again via telephone on July 22, 2015.

26. During this call, Plaintiff inquired about the account, and Defendant offered Plaintiff a seventy percent (70%) settlement offer, which directly contradicted the previous offer made to Plaintiff during the March 27th call.

27. Plaintiff contacted Defendant again on July 23, 2015. During this call, after Plaintiff repeatedly told Defendant that he cannot make payment, Defendant still attempted to collect by telling Plaintiff to send in a post-dated electronic check.

28. As of the date of this Petition, Plaintiff has not received any validation or verification correspondence from Plaintiff. Accordingly, Defendant has failed to send validation and verification of the alleged debt.

29. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney fees, as well as emotional distress and denial of credit.

## Defendant's Violation of the FDCPA

30. Plaintiff realleges and incorporates by reference the above paragraphs.

31. Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

33. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. §1692 *et seq.*, including, but not limited to the following:

Electronically Filed - St Louis County - October 22, 2015 - 10:23 AM

a. Using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. 15 U.S.C §1692e;

b. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. §1692g;

c. Continuing to collect on the alleged debt prior to providing verification and refusing to provide validation of the debt in violation of 15 U.S.C. §1692g;

d. Attempting to collect interest, fees, charges and expenses not permitted by law or expressly authorized by the agreement creating the debt in violation of 15 U.S.C. §1692f;

e. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f;

f. Soliciting postdated payments on the debt in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff prays this honorable Court to enter a judgment against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. §1692(k); and

E. For such other relief as the Court may deem just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the Associate Circuit Court of Saint Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Electronically Filed - St Louis County - October 22, 2015 - 10:23 AM

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By: */s/ Thomas R. Applewhite*
Thomas R. Applewhite  #64437
Steven A. Donner  #63789
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone:        (314) 240-5350
Facsimile:   (888) 785-4461
Email:        tom.applewhite@da-lawfirm.com
                  steve.donner@da-lawfirm.com

*Attorneys for Plaintiff*