## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GARY DETMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-01753-JAR |
| | ) |
| CAPITAL MANAGEMENT SERVICES, L.P., | ) |
| | ) |
| Defendant. | ) |

### **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Capital Management Services, L.P. ("Defendant" of "CMS"), for its Answer to Plaintiff's Petition (Doc. 4, "Complaint"), states as follows:

### Introduction and Jurisdiction

1. Defendant admits the allegations in paragraph 1.

2. Paragraph 2 contains a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the same.

3. Paragraph 3 contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies the same.

4. Defendant recognizes Plaintiff's right to a trial by jury on all issues so triable.

### Parties

5. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and, therefore, denies the same.

6. Defendant admits it is a foreign limited partnership with its principal place of business in the State of New York and that a portion of its business relates to the collection of alleged debts owed.

7. Defendant admits that a portion of its business relates to the collection of debts by mail and telephone. The remaining allegation in paragraph 7 is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

**Facts**

8. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 and, therefore, denies the same.

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant admits that it sent a letter and that it made a settlement offer as quoted, but denies the remaining allegations contained in Paragraph 11.

12. Responding to Paragraph 12, Defendant admits that Plaintiff telephoned Defendant, but is without knowledge or information sufficient to admit or deny Plaintiff's intent in calling Defendant and, therefore, denies the remainder of Paragraph 12.

13. Defendant admits the first sentence of Paragraph 13 and denies the second sentence of Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18. Further, Defendant states that CMS does not add interest or charges and that was stated to Plaintiff.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20 as it did not use the word "expire."

21. Responding to Paragraph 21, Defendant denies the last sentence of said paragraph. Defendant admits the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Responding to Paragraph 23, Defendant admits Plaintiff called Defendant. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 23 and, therefore, denies the same.

24. Defendant admits the allegations in Paragraph 24.

25. Responding to Paragraph 25, Defendant admits it received Plaintiff's e-mail dated July 14, 2015.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant admits the allegations in Paragraph 27.

28. Defendant admits the allegations in Paragraph 28. Responding further, Defendant was not required to do send validation or verification.

29. Defendant denies the allegations in Paragraph 29.

## Defendant's Violation of the FDCPA

30. Defendant incorporates by reference all of the above paragraphs as though fully stated herein.

31. Paragraph 31 contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations in Paragraph 31.

32. Paragraph 32 contains a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations in Paragraph 33, including its subparts.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

5. Defendant reserves the right to add further affirmative defenses as discovery and litigation progress.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendant's attorneys' fees as allowed by law.

DATED this 14th day of December, 2015.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Joshua C. Dickinson
  Joshua C. Dickinson, #51446MO
  12925 West Dodge Road, Suite 107
  Omaha, NE 68154
  (402) 965-8600 (telephone)
  (402) 965-8601 (facsimile)
  jdickinson@spencerfane.com

>Patrick T. McLaughlin, #48633MO
>1 North Brentwood Blvd., Suite 1000
>St. Louis, MO 63105
>(314) 863-7733 (telephone)
>(314) 862-4656 (facsimile)
>pmclaughlin@spencerfane.com
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 14th day of December, 2015, with notice of case activity generated and sent electronically to:

>Thomas R. Applewhite
>Steven A. Donner
>Donner Applewhite, Attorneys at Law
>1108 Olive Street, Suite 200
>St. Louis, MO 63101
>
>*Attorneys for Plaintiff*

>/s/ Joshua C. Dickinson